The People *v.* The President, &c., of New York Gas-light Co.

---

THE PEOPLE, Plaintiffs in Error, *v.* THE PRESIDENT, &c., OF THE NEW YORK GAS-LIGHT COMPANY, Defendants in Error.

(GENERAL TERM, FIRST DEPARTMENT, JUNE, 1872.)

A company, authorized by the legislature to manufacture gas to be used for lighting streets and buildings, cannot be indicted for creating a nuisance by unwholesome smells, &c., if its buildings and processes are of the best kind, its servants careful, and due skill and diligence are used in its business.

A suit may, it seems, be maintained against the company for a special injury to a private individual caused by their works.

THE facts are sufficiently stated in the opinion.

Present—INGRAHAM, LEONARD and GILBERT, JJ.

LEONARD, J. The legislature have authorized the defendants to manufacture gas to be used for lighting streets and buildings in the city of New York, reserving the power to alter, modify or repeal the act. It is also required by the act that it be favorably construed in all courts for the purposes expressed therein. The defendants' gas works were erected in 1849, quite at the easterly extremity of Twenty-first street in the said city, and the company have ever since made and distributed gas therefrom extensively for the purposes authorized. It is conceded that their buildings and processes are of the best, their servants careful, and that they have used due care and diligence in their business. The defendants were indicted for creating a nuisance, by unwholesome smells, smokes and stenches, rendering the air corrupt, offensive,

uncomfortable and unwholesome. It appears that persons residing near are much disturbed and sometimes sickened by the offensive smell which pervades the air and penetrates their dwellings in certain rarefied conditions of the atmosphere, particularly when an easterly wind prevails.

The Court of General Sessions refused to hold that the act of the legislature and the entire absence of negligence on the part of the defendants were any defence. The power of the legislature is omnipotent within constitutional limits. It is sufficient to authorize railroads to be run through crowded thoroughfares with locomotives, causing great disturbance to the citizens who reside near it, and exposing their residences and property to constant danger of fire from the sparks emitted from the engines. If unauthorized by statute these acts would be a nuisance. The same power can authorize dams to be constructed and maintained for public purposes, although it may render the common air we breathe unwholesome, producing thereby disease and death in its vicinity. The good of the greatest number is regarded by the legislature as its justification for the extraordinary use of its power. If the railroad is carried on with the greatest skill and care, with every improvement and advantage known to science and experience, it is not a nuisance, although many are injured in property and personal security. (*Davis* v. *The Mayor, &c.,* 14 N. Y., 506 ; *Rex* v. *Pease,* 4 Barn. & Adolph., 30 ; *Harris* v. *Thompson,* 9 Barb., 350.) It may be that private persons can maintain an action for damages, as in *Carhart* v. *Auburn Gas-light Co.* (22 Barb., 297), but the people are barred by the act which their legislature have passed from making a public complaint by an indictment for such a cause, while the defendants conduct their business with skill, science and care.

The judgment should be reversed.